**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

SHEALEEN LOUISE BISHOP,

    Plaintiff,

       - v -

SHEIN DISTRIBUTION CORP.,

    Defendant.

No. 23 CV 1277

**COMPLAINT**

Jury Demand

Plaintiff Shealeen Louise Bishop alleges as follows against Defendant Shein Distribution Corp.:

## SUMMARY OF THE CASE

1.      This is an action for copyright infringement.

2.      Plaintiff Shealeen Louise Bishop is a renowned botanical watercolor painter.

3.      Defendant Shein Distribution Corp. ("Shein") is a United States operating company of a China-based global conglomerate that conducts substantial e-commerce business in New York state and within this District.

4.      Defendant Shein illegally manufactures and sells cheap counterfeit copies of Plaintiff's original paintings.

5.      Defendant Shein is not authorized to sell cheap copies of Plaintiff's paintings.

6.      Plaintiff therefore seeks damages and other relief under the Copyright Act. (17 U.S.C. § 101 *et seq.*)

## PARTIES

7.      Plaintiff Ms. Bishop is a natural person who does substantial business in the State and County of New York.

8.    Plaintiff's fine artworks are displayed and offered for sale on her website.

9.    Defendant Shein is a corporation formed under the laws of the State of Delaware with its principal executive office at 757 S Alameda St Ste 220, Los Angeles, California.

10.    Upon information and belief, Defendant Shein infringed Plaintiff's rights under the Copyright Act by misappropriating images of Plaintiff's original artwork, then mass-producing and selling low-quality copies.

11.    Defendant Shein sells products, collects payments, and processes returns for Shein customers in the United States, including customers in this District.

12.    Defendant Shein markets, distributes and sells copies of Ms. Bishop's original copyrighted work(s) to produce and sell as "Floral Pattern Diamond Painting" through websites (including http://www.shein.com) and apps (including the Shein mobile app available on Apple's App Store (for iOS devices) and on the Google Play app store (for Android devices)) that are directed at and intended for commercial use by persons in this District.

13.    Defendant Shein contracted to ship and to supply goods, including the unauthorized copies described in this Complaint, to persons in New York.

14.    Defendant Shein shipped and caused to be shipped thousands of goods, including the unauthorized copies described in this Complaint, to persons in New York.

15.    On information and belief, other persons or entities whose identities are not yet known to Plaintiff — including Shein group affiliates — engaged in or contributed to the unlawful conduct alleged in this Complaint. Plaintiff will seek leave of Court to assert claims against such persons or entities when they become known.

## JURISDICTION AND VENUE

16.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this claim arises under the Copyright Act, 17 U.S.C. §§ 101 *et seq*.

17.     Venue is proper under 28 U.S.C. § 1400(a); alternatively, venue is proper under 28 U.S.C. § 1391(b).

18.     This Court has personal jurisdiction over Defendant because it transacts business in New York, including by marketing and offering for sale infringing copies of Plaintiff's works to persons in New York; by contracting to sell infringing copies of Plaintiff's works to persons in New York; by distributing and delivering infringing copies of Plaintiff's copyrighted work to persons in New York; and by operating interactive websites, apps and social media pages for use by and directed at consumers and other persons in New York.

## FACTUAL ALLEGATIONS

19.     Plaintiff is a professional visual artist who earns a living through her art.

20.     In or about 2017, Plaintiff created a work of visual art entitled "LOOSE FLORAL BOUQUET WATERCOLOR," (the "Original Work"):



21.     The Original Work is registered with the United States Copyright Office under Copyright Registration Number VA 2-320-987. Attached as Exhibit A is the Certificate of Registration.

22.     Defendant Shein has offered for sale unauthorized and infringing copies of Plaintiff's work, including on an e-commerce storefront available to the public at http://www.shein.com.

23.     Defendant displayed Plaintiff's registered original work of art without authorization on its commercial website, as depicted here:



24.     Defendant's ecommerce website, http://www.shein.com, describes Ms. Bishop's registered work as "Floral Pattern Diamond Painting," (the "Infringing Painting") which Defendant offers for sale for five dollars. It does not credit or reference the author of the work.

25.    Annexed as Exhibit B is a copy of Defendant's website, which offers for sale unauthorized and infringing copies of the Infringing Painting.

26.    Plaintiff Ms. Bishop operates websites that host images of certain of her works, including the Original Work.

27.    Images of Plaintiff's Original Work are also available elsewhere on the internet, including at the website of Society6, an online marketplace for artists and art platform through which Plaintiff's original works are offered for sale with Plaintiff's permission.[1]

28.    Upon information and belief, Defendant misappropriated images of the Original Work from Plaintiff's website and/or the Society6 website and reproduced those images, without authorization, for commercial purposes.

29.    Defendant did not license the Original Work from Plaintiff for commercial use or for any other purpose.

30.    Defendant did not have Plaintiff's permission or consent to publish the Original Work on its website or to reproduce the Original Work for commercial sale.

31.    No one but Plaintiff is authorized to manufacture, display, advertise, offer for sale or sell her Original Work — "Loose Floral Bouquet Watercolor" — without Plaintiff's written permission.

## FIRST CAUSE OF ACTION – COPYRIGHT INFRINGEMENT

32.    Plaintiff re-alleges each and every allegation contained in the foregoing paragraphs.

33.    Defendant infringed Plaintiff's copyright in the Original Work by reproducing and publicly displaying the Photograph on the website http://www.shein.com.

---

[1] *See* https://society6.com/shealeenlouise

34.    Defendant infringed Plaintiff's copyright in the Original Work by reproducing, offering for sale, and selling unauthorized copies of the Original Work.

35.    Defendant is not and has never been licensed to reproduce, display, distribute or use the Original Work.

36.    The acts of Defendant complained of herein constitute infringement of Plaintiff's copyright and other exclusive rights in violation of the Copyright Act, *e.g.*, 17 U.S.C. §§ 106 and 501.

37.    The foregoing acts of infringement by Defendant are willful, intentional, and in knowing and deliberate disregard of Plaintiff's copyright.

38.    As a direct and proximate result of the foregoing acts of infringement, Plaintiff is entitled to damages. 17 U.S.C. § 504(b).

39.    Plaintiff is entitled to attorney's fees and costs. 17 U.S.C. § 505.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

a.    for a judgment that Defendant has infringed upon Plaintiff's copyright in the Original Work;

b.    for an award of Plaintiff's actual damages and Defendant's profits, pursuant to 17 U.S.C. § 504(b), in an amount to be proven at trial for willful copyright infringement of the Original Work under 17 U.S.C. § 501(a);

c.    in the alternative to Plaintiff's actual damages and Defendant's pursuant to 17 U.S.C. § 504(b), for statutory damages of up to $150,000 per infringement pursuant to 17 USC § 504(c) for willful copyright infringement, which Plaintiff may elect prior to final judgment;

d.    for a temporary, preliminary and permanent injunction prohibiting Defendant or its agents, and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns and entities owned or controlled by Defendant, and all those in active concert or participation with

Defendant, and each of them who receives notice directly or indirectly of such injunction from:

    i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise dealing in infringing products including the Infringing Painting;

    ii. secreting, destroying, altering, removing, or otherwise dealing with the Infringing Painting or any books or records that contain any information relating to manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and otherwise using infringing products including the Infringing Painting;

    iii. instructing, aiding or abetting any other person or entity in engaging in or performing any of the activities referred to in the foregoing subparagraphs.

e.    For an order of the Court requiring that Defendant recall from any distributors and retailers and deliver up to Plaintiff for destruction any infringing products including the Infringing Painting and any and all advertising and promotional materials and any other materials in the possession, custody or control of such distributors and retailers that infringe any of Plaintiff's copyrights or other rights;

f.    For an order of the Court requiring that Defendant provide complete accountings for any and all monies, profits, gains and advantages derived by Defendant from its manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, sale and otherwise dealing in infringing products including the Infringing Painting, including prejudgment interest;

g.    For Plaintiff's reasonable attorneys' fees;

h.    For all costs of suit; and

i.    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff respectfully demands trial by jury on all issues so triable in accordance with

Fed. R. Civ. P. 38.


Dated:      February 15, 2023          MULLEN P.C.
               New York, NY

By:    Wesley M. Mullen (WM1212)
       Vincent R. FitzPatrick III (VF7415)
       745 Fifth Avenue, Suite 500
       New York, NY 10151
       wmullen@mullenpc.com
       vfitzpatrick@mullenpc.com
       (646) 632-3718

*Attorneys for Plaintiff Shealeen Louise Bishop*