MULLEN P.C.
745 FIFTH AVENUE | SUITE 500
NEW YORK, NY 10151

August 1, 2023

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/1/2023

VIA CM/ECF

Re:   Bishop v. Shein Distribution Corp. et al., No. 1:23-cv-01277-MKV

Your Honor:

I am counsel to Plaintiff Shealeen Louise Bishop in this copyright case. Pursuant to Rule 3.D of the Court's Individual Rules of Practice and Local Civil Rule 37.2, I submit this joint letter, with the consent of counsel for Defendant Shein Distribution Corp., to request a conference regarding Plaintiff's anticipated motion to compel discovery, or in the alternative, leave to file a motion pursuant to Fed. R. Civ. P. 37.

### I.   Background

Under the Scheduling Order, (ECF Doc. 20), fact discovery "shall be completed no later than September 7, 2023), (*id.* ¶ 5); the cutoff "will not be extended absent extenuating circumstances," (*id.* (endorsement).) This Rule 37.2 application is made "in sufficient time to obtain a ruling … in advance of the discovery cutoff." (Individual Rule 3.D.)

Defendant served written responses to Plaintiff's first set of consolidated discovery requests on June 5, 2023. (Ex. A.) On June 8, 2023, Plaintiff served a Rule 37.2 letter that alleged deficiencies in Defendant's written responses and requested to meet and confer. (Ex. B.)

On June 13, 2023, counsel for the parties conferred by Zoom; at the conference, Defendant agreed to supplement its written responses. Defendant served supplemental written discovery responses on July 10, 2023. (Ex. C.) On July 18, 2023, Plaintiff served a further Rule 37.2 letter identifying continuing deficiencies in Defendant's responses. (Ex. D.)

On July 21, 2023, Defendant served responses to Plaintiff's second set of consolidated discovery requests. (Ex. E.) On July 27, Plaintiff served a Rule 37.2 letter. (Ex. F.)

Defendant has produced 10 documents totaling 43 bates-numbered pages in discovery.

### II.   The parties' positions on Plaintiff's motion to compel discovery

The parties' positions on Plaintiff's proposed motion to compel, with reference to specific numbered discovery requests, are set forth below.

####   A.   Communications regarding infringement

*Plaintiff's position.*   Plaintiff is a watercolorist and fine-art painter. She alleges that Defendant mass-produced copies of her work without authorization and sold them via a global e-commerce enterprise.

Plaintiff seeks communications concerning matters relevant to alleged infringement. She requested all documents and communications "concerning the Original Work," (RFP No. 1 (Ex. A at 31)); "concerning how Shein found, used, edited, copied, manufactured or sold the Original Work," (RFP No. 2 (*id.*)); concerning "Shein's display of the Original Work … on any website," (RFP No. 5 (*id.* at 34)); "concerning [Plaintiff]," (RFP

No. 10 (*id.* at 37)); and "concerning any good or product bearing, incorporating or resembling the Original Work," (RFP No. 11 (*id.*).)

Defendant has not produced — and has refused to search for —communications of any kind. But it is not credible that Shein possesses no email, text, instant message, letter or other communications. Plaintiff produced her own communications with Shein about the infringement, (Ex. D at 3); and Defendant admits that it sold, and contracted for the manufacture and supply of, Plaintiff's work, (*id.* at 2). Plaintiff will therefore seek an order compelling the Defendant to conduct an adequate search for, and to produce, communications responsive to Requests for Production Nos. 1-11, 19, 23 and 24.[1]

*Defendant's position.* Defendant has agreed to supplement certain of the requests identified here by letter dated August 1, 2023.

B.   Identification of custodians and repositories

*Plaintiff's position.* Pursuant to Local Civil Rule 33.3, Plaintiff's interrogatories seek the identity of each custodian of documents that may be relevant to, or discoverable in connection with, Plaintiff's claims, (ROG No. 17 (Ex. A at 28)), and of repositories of that information, (ROG No. 18 (Ex. A at 29).) Defendant first objected without responding, (Ex. A at 28-29); its supplemental responses identify only one individual whose role is not specified and one non-party manufacturer located in the People's Republic of China, (Supplemental Response to ROG No. 17 (Ex. C at 17).) As to repositories, Defendant identifies no email, messaging, or document storage repository at all: it names three "systems … located in China" and identified without elaboration as "Product Data Center," "Customer Service Platform," and "Supplier Relationship Management." (Supplemental Response to ROG No. 18 (Ex. C at 18).)

Plaintiff seeks an order compelling the Defendant to respond fully to Interrogatories Nos. 17 and 18. Specifically, the Court should order the Defendant to conduct a "reasonable inquiry," (Fed. R. Civ. P. 26(g)), and to disclose the identity of custodians who possess, and systems and repositories that contain, potentially responsive documents and ESI.

*Defendant's position.* Defendant has agreed to supplement certain of the requests identified here by letter dated August 1, 2023.

C.   Documents concerning copyright compliance

*Plaintiff's position.* Defendant asserts that its infringing conduct was "not willful," (Joint Letter (ECF Doc. 17) at 2); that it "was not aware and had no reason to believe that its acts constituted an infringement," (Answer (ECF Doc. 12) ¶ 46); and that it engaged in fair use under the Copyright Act, (*id*. ¶ 47). Plaintiff's requests therefore seek documents concerning Shein's policies or practices for avoiding the purchase or sale of counterfeit or infringing goods, (RFP No. 20 (Ex. A at 47)); compliance with intellectual property laws, (RFP No. 21 (*id.* at 47-48)); history of intellectual property violations, (RFP Nos. 22, 25, and 27 (*id.* at 48-49, 51-52, and 53-54)); and — given widespread press coverage of intellectual property theft by Shein, and Shein's extensive comments to the press in response to that coverage — communications with journalists concerning intellectual property, (RFP No. 37 (Ex. E at 12).) Defendant objects to all of these requests. But the materials sought are relevant to

---

[1] Earlier this evening — more than three months after Plaintiff served written discovery requests to the Defendant; after months of discovery conferences and correspondence described above and annexed hereto; and five days after Plaintiff provided Defendant with a draft of this letter and requested its positions pursuant to Rule 3.D of the Court's Individual Practices — Defendant served the annexed letter (Exhibit G) conditionally agreeing to "supplement" fewer than all of its deficient responses by August 18, 2023. Plaintiff submits that the late letter, which sets out Defendant's incomplete offers to comply with some of its discovery obligations by Friday, August 18, 2023, is not grounds to deny Plaintiff's motion to compel straightforward discovery that it has been seeking for months under the governing Case Management Order and in advance of a firm discovery cutoff of September 7, 2023. (ECF Doc. 20.)

defenses Defendant itself has put at issue, so Plaintiff seeks an order compelling responses to Requests for Production Nos. 20, 21, 22, 25, 27, and 37.

*Defendant's position.* Defendant has agreed to supplement certain of the requests identified here by letter dated August 1, 2023.

### D.  International sales

*Plaintiff's position.* Plaintiff's interrogatories seek sales data concerning infringing products sold by Shein in the United States and abroad. (ROGs Nos. 1, 4, 5, 11 (Ex. A at 13-14, 15-16, 17-18, and 23-25).) Defendant produced only limited information about sales in the United States. It objects to the production of non-U.S. sales on the ground that Plaintiff cannot recover damages for infringement overseas. (*See id.* at 7 (General Objection No. 16).)

Even if Defendant's position on liability had merit, it would not preclude *discovery* of Defendant's international sales. First, the Court has ordered the Defendant to produce that information. ([ECF Doc. 20](#) (directing Defendant to "produce to Plaintiff all sales information from the United States[] and internationally, on or before May 12, 2023."). Second, the scope and method of Shein's international sales are relevant to the means of infringement and to Shein's willfulness defense — and therefore within the scope of discovery. *See, e.g., Goes Int'l, AB v. Dodur Ltd.*, No. 14-cv-05666-LB, 2016 U.S. Dist. LEXIS 13748, at *7, 2016 WL 427369 (N.D. Cal. Feb. 4, 2016) (granting motion to compel discovery of international sales data because "it is at least plausible that the plaintiff may recover extraterritorial damages" and discovery requests concerning international sales are "relevant to the plaintiff's copyright claim."). Third, there is no substantial burden to obtaining this information: on information and belief, Defendant and its global enterprise maintain worldwide sales data in a central database — the same one that contains U.S. sales data that Defendant has already produced.

Plaintiff seeks an order compelling Defendant to produce information concerning international sales of infringing goods, and complete responses to Interrogatories Nos. 1, 4, 5 and 11.

*Defendant's position.* In its position statement, Plaintiff appears to use the terms "SHEIN" and "Defendant" interchangeably. It is important to note that Shein Distribution Corporation is the only named defendant to have appeared in this case to date and is the entity to which all of Plaintiff's discovery requests have been directed. SHEIN, on the other hand, is not a party and is not an entity—it is a brand.

Defendant Shein Distribution Corporation does not sell goods to consumers located outside of the United States. Rather, it sells products to United States consumers through SHEIN's United States-based websites and mobile applications—us.shein.com and us.romwe.com. As mentioned by Plaintiff, the Court ordered Defendant "to produce to Plaintiff all sales information from the United States, and internationally, on or before May 12, 2023." But the Court also stated that "[t]o the extent there are no sales outside of the United States, Defendants shall so certify." By the date ordered, counsel for Defendant certified to Plaintiff that "[Shein Distribution Corporation] did not make any sales of the accused product outside of the United States."

Plaintiff argues that "the scope and method of Shein's international sales are relevant to the means of infringement and to Shein's willfulness defense" but, again, SHEIN is not Shein Distribution Corporation and vice versa. With Shein Distribution Corporation having certified that it did not make any sales outside of the United States, it is not clear what Plaintiff hopes to obtain with the order that she seeks.

To the extent that Plaintiff believes that any entities related to Shein Distribution Corporation have engaged in international sales of her works, she may have an opportunity to seek discovery from those entities, having added three new defendants in her First Amended Complaint. But Defendant submits that such discovery would be beyond the scope of Rule 26 in any instance. Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]").

Plaintiff has alleged no claim that would allow her to obtain any relief for sales of the products at issue occurring outside of the United States. *See Update Art, Inc. v. Modiin Pub., Ltd.*, 843 F.2d 67, 73 (2d Cir. 1988) ("It is well established that copyright laws generally do not have extraterritorial application."); *Levitin v. Sony Music Ent.*, 101 F. Supp. 3d 376, 384 (S.D.N.Y. 2015) ("The U.S. Copyright Act does not have extraterritorial application, and district courts do not have subject matter jurisdiction over infringement occurring outside of the United States."); *see also Superama Corp., Inc. v. Tokyo Broad. Sys. Television, Inc.*, 830 F. App'x 821, 823 (9th Cir. 2020) (stating "the longstanding rule that '[i]n general, United States copyrights laws do not have extraterritorial effect, and therefore, infringing actions that take place entirely outside the United States are not actionable.'").

There is one narrow exception to this presumption against extraterritoriality and that is where an individual "commits an act of infringement in the U.S., which permits further reproduction outside of the U.S. —a so-called 'predicate act[.]'" *Levitin*, 101 F. Supp. 3d at 384–85; *see also IMAPizza, LLC v. At Pizza Ltd.*, 334 F. Supp. 3d 95, 120 (D.D.C. 2018) ("While the Court has located no case directly on point, extraterritoriality does not appear to be an affirmative defense. Rather, courts have described domestic infringement as a necessary element of a Copyright Act claim.") (citing *Int'l Diamond Importers, Inc. v. Med Art, Inc.*, No. 15-cv-4045 (KMW), 2017 WL 2839640, at *8-9 (S.D.N.Y. June 29, 2017)). Plaintiff's operative complaint alleges no such thing. In the absence of any predicate-act allegations, the information that Plaintiff seeks is simply not relevant. Plaintiff claims that her interrogatories "are relevant to the means of infringement and to Shein's willfulness defense[.]" But Plaintiff fails to explain how information about international sales would be relevant to these topics or how more targeted discovery about those topics would not be more appropriate. Moreover, if those are the only topics to which the interrogatories relate, that would seemingly put them in violation of Local Civil Rule 33.3.

   **E.**  **Responses to Requests for Admission**

***Plaintiff's position.*** Defendant asserts as an affirmative defense that Plaintiff "consent[ed]" to "the alleged infringement … ." ([ECF Doc. 41](#)) at 18.) Plaintiff therefor asked Defendant to admit that has "never been authorized in writing by Plaintiff to copy," "reproduce," "display" or "sell copies of" her work. (RFAs Nos. 8-11 (Ex. E. at 8-9).) She also asked the Defendant to identify any written authorization. (ROG No. 20 (*id.* at 10).)

Defendant did not respond fairly to the requests. It admitted only that it has not been "directly authorized in writing" to copy the Original Work. (Responses to RFAs Nos. 8-11 (Ex. D at 8-9).) Its responses say nothing about reproduction, display, or sale. And instead of identifying any written authorization, Defendant claims it "is not currently aware of any written authorizations" but "cannot at this time foreclose the possibility …" that one exists. (Response to ROG No. 20 (*id.* at 10).)

The responses to the requests to admit are evasive and violate Rule 36 in that they do not "fairly respond to the substance" of the requests. (Fed. R. Civ. P. 36(a)(4).) The interrogatory response is improper for lack of diligence. (Fed. R. Civ. P. 33(b)(1)(B).) Plaintiff seeks an order compelling appropriate fair and complete responses to Requests to Admit Nos. 8 through 11, and Interrogatory No. 20.

***Defendant's position.*** Defendant has agreed to supplement certain of the requests identified here by letter dated August 1, 2023.

       \*   \*   \*

Plaintiff respectfully requests that the Court compel Defendant to produce the information requested; or, in the alternative, set a conference pursuant to Local Civil Rule 37.2.

Defendant respectfully requests that the Court deny Plaintiff's requests related to international sales (category D) and find that the disputes raised in categories A, B, C, and E are not yet ripe for resolution.

> **The parties are HEREBY DIRECTED to appear for a conference on August 9, 2023 at 11:30 AM in Courtroom 18C of the Daniel Patrick Moynihan Courthouse.  SO ORDERED.**
>
> Date: 8/1/2023
> New York, New York
>
> *Mary Kay Vyskocil*
> Mary Kay Vyskocil
> United States District Judge