

6700 S. Centinela Ave., Second Floor, Culver City, CA  90230
www.pstrials.com     t: (310) 424-5557     f: (310) 597-4626

Morgan E. Pietz
morgan@pstrials.com
August 4, 2023

**VIA CM/ECF**

Hon. Mary Kay Vyskocil
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/8/2023
```

Re:   *Bishop v. Shein Distribution Corp., et al.*, No. 1:23-cv-01277-MKV

Your Honor:

I am counsel to Defendant Shein Distribution Corporation in this case. I am writing pursuant to Rules 2.B, 2.G, and 4.B of the Court's Individual Rules of Practice to request (1) a 60-day extension of the fact discovery period, from September 7, 2023 to November 6, 2023; and (2) adjournment *sine die* of the Local Rule 37.2 conference currently scheduled for August 9, 2023 at 11:30 a.m.

Counsel for Plaintiff consents to the requested extension of the discovery period and, provided that request is granted, does not oppose the requested adjournment of the Rule 37.2 conference.

**Extension of Fact Discovery Period**

Fact discovery in this case is currently scheduled to close on September 7, 2023, pursuant to Paragraph 5 of the Court's Case Management Plan and Scheduling Order. (ECF No. 20.) In endorsing the parties' proposed fact discovery cutoff date, the Court indicated that "[t]he September 7, 2023 fact discovery cutoff will not be extended absent extenuating circumstances." (*Id.*)

Defendant respectfully submits that the recent addition of three new defendants—two foreign entities (Roadget Business Pte. Ltd. and Zoetop Business Co. Ltd.) and one Delaware limited liability company (Shein Technology LLC)—constitutes such extenuating circumstances. On July 10, 2023, Plaintiff filed her First Amended Complaint (ECF No. 32), adding those parties and adding claims for removal of copyright management information, contributory copyright infringement, and vicarious copyright infringement. Each of the new defendants has waived service. (ECF Nos. 44, 45, 46.) Therefore, the response deadline for the foreign entities is October 16, 2023, while the response deadline for the domestic one is September 18, 2023.

Defendant seeks the extension of the current fact discovery period to allow for discovery about these new parties and new claims. Accordingly, Defendant respectfully requests a 60-day extension of the fact discovery period, from September 7,

Letter to Hon. Mary Kay Vyskocil
August 4, 2023

2023 to November 6, 2023. There has been no previous request to extend this deadline. Plaintiff consents to the requested extension.

The parties agree that this extension would affect all discovery deadlines, including the expert discovery period (currently scheduled to close on November 6, 2023) and the Post-Discovery Conference scheduled for November 7, 2023. The parties respectfully request that the expert discovery period be extended by 60 days as well, to January 5, 2024, and that the Post-Discovery Conference be calendared for a date thereafter convenient to the Court.

### Adjournment Without Prejudice of Rule 37.2 Conference

Next, Defendant requests the adjournment *sine die* of the Local Rule 37.2 conference currently scheduled for August 9, 2023 at 11:30 a.m., without prejudice to any party's right to raise the same or other discovery issues in the future pursuant to Rule 37.2 and the Court's Individual Practices.

Counsel for the parties have continued to confer about the issues raised by Plaintiff in the parties' joint Rule 37.2 letter (ECF No. 42) since it was filed, including by videoconference on August 3, 2023. Defendant is optimistic that, with more time, the parties may be able to resolve or narrow some of the issues raised in the Rule 37.2 letter. Thus, Defendant respectfully requests that the Court adjourn the conference currently scheduled for August 9, 2023 at 11:30 a.m.

I consulted with Mr. Mullen, counsel for Plaintiff, regarding the requested adjournment. He has authorized me to represent Plaintiff's position as follows.

Plaintiff agrees that some of the discovery issues raised in its Rule 37.2 letter may be resolved if additional time is allowed for the parties to meet and confer, but contends that other discovery disputes are ripe and intractable. For that reason, Plaintiff's position as to adjournment depends on the Court's disposition of Defendant's request for an extension. Specifically: (1) if the Court grants the Defendant's requested extension of the discovery period, Plaintiff does not oppose the requested adjournment of the Rule 37.2 conference; however, (2) if the Court denies the requested extension of the discovery period, Plaintiff opposes adjournment of the Rule 37.2 conference.

We thank the Court for its consideration of this matter.

Respectfully submitted,

/s/ Morgan E. Pietz

Morgan E. Pietz
PIETZ & SHAHRIARI, LLP

Cc(s):    Counsel of record via CM/ECF

---

**The 60-day extension of the fact discovery period is GRANTED. The August 9, 2023 Conference is ADJOURNED *sine die*. SO ORDERED.**

Date: 8/8/2023
New York, New York

Mary Kay Vyskocil
Mary Kay Vyskocil
United States District Judge